UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Shon Williams

           Plaintiff,

vs.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
CITY POLICE COMMISSIONER RAYMOND KELLY,
in his individual and official capacity;
JOHN DOES ## 1-20, in their individual capacities

           Defendants.

14 CV 5123

No.:

JUDGE BUCHWALD COMPLAINT

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Shon Williams, through his undersigned attorneys, Morelli Alters Ratner LLP, alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action brought by Plaintiff Shon Williams to seek relief for Defendants' violation of his rights, privileges, and immunities secured by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York. This case arises from a February 27, 2012 incident in which members of the New York City Police Department ("NYPD"), acting under color of state law and consistent with the policies, practices and/or customs of the NYPD, subjected Plaintiff to false arrest, excessive force, malicious prosecution, and deprivation of his Constitutional rights under the United States Constitution and the Constitution and laws of the State of New York.

2. Defendants in this action, the City of New York (the "City"), the NYPD, former New York City Police Commissioner Raymond Kelly ("Commissioner Kelly"), New York City

1

Police Officers John Does ## 1 through 20 ("John Does ## 1-20) have implemented and are continuing to enforce, encourage and sanction a policy, practice and/or custom of unconstitutional arrests of City residents by the NYPD.

3.  Without probable cause as required under the Fourth Amendment, NYPD officers have been, and are engaged in rampant, and unlawful arrests of individuals including Plaintiff. The NYPD's widespread constitutional abuses have flourished as a result of, and are directly and proximately caused by, policies, practices and/or customs devised, implemented and enforced by the City and NYPD. The City and NYPD have acted with deliberate indifference to the constitutional rights of those who would come into contact with NYPD officers by: (a) failing to properly screen, train, and supervise NYPD officers, (b) inadequately monitoring NYPD officers and their arrest practices, (c) failing to sufficiently discipline NYPD officers who engage in constitutional abuses, and (d) encouraging, sanctioning and failing to rectify the NYPD's unconstitutional practices.

4.  As a direct result of Defendants' violations of Plaintiff's rights, privileges, and immunities secured by 42 U.S.C. § 1983, the Fourth and Fourth Amendments to the United States Constitution, and the Constitution and laws of the State of New York, Plaintiff seeks compensatory and punitive damages, an award of attorneys' fees and costs, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

5.  Jurisdiction is conferred upon this Court under 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

6.  Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to

the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action on each and every one of his claims.

## NOTICE OF CLAIM

9. Within ninety days after the claims herein arose, Plaintiff filed a Notice of Claim upon Defendant City of New York and Defendant New York Police Department by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.

10. The Notice of Claim was in writing, sworn to by Plaintiff, and contained the name and address of Plaintiff.

11. The Notice of Claim set out the nature of the claims, the time when, the place where, and the manner by which the claims arose, and the damages and injuries sustained by Plaintiff.

12. A 50H hearing was held on May 6, 2014.

## PARTIES

### Plaintiff

13. Plaintiff SHON WILLIAMS ("Williams") is a 21 year old African-American man who resides in the City of New York, Bronx County.

### DEFENDANTS

14. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized under the laws of the State of New York to maintain a police department.

15. Defendant NEW YORK CITY POLICE DEPARTMENT is a municipal entity created, organized, and existing under the laws of the State of New York. NYPD acts as the City's agent in the area of law enforcement.

16. Defendant former NEW YORK CITY POLICE COMMISSIONER RAYMOND KELLY was at all relevant times herein the Police Commissioner for the City and was responsible for and the chief architect of the policies, practices and/or customs of the NYPD. He was, at all relevant times herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of police officers under his command who are or were employed by the NYPD, including Defendants named herein. He is sued individually and in his official capacity.

17. Defendant JOHN DOES ## 1-20 are and/or were at all times relevant herein duly appointed police officers, detectives, sergeants, supervisors, or commanders employed by the NYPD and have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD. At all times relevant herein John Does ##1-20 have acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City and/or the NYPD in engaging in the conduct described herein.

18. At all times relevant herein, Defendants have violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

4

## STATEMENT OF FACTS

19. On February 27, 2012, Plaintiff Shon Williams, a student, was eating lunch in the park located near Sheridan Avenue and 170th Street in his Bronx neighborhood just one block away from his home. At the time, Mr. Williams was eating with two friends.

20. While eating lunch, Mr. Williams became aware that Defendants John Does ## 1-20, police officers from the 44th Precinct, were surrounding him. Despite the fact that Mr. Williams had not committed any crime, Defendants drew their guns and aimed them at Mr. Williams' head. One of the John Does ## 1-20 yelled at Mr. Williams "[W]here's the gun?"

21. Mr. Williams, who was not in possession of any gun but was holding his cell phone at the time, had his cell phone knocked out of his hand. John Does #1-20 then forcibly knocked Mr. Williams to the ground and searched his person and his backpack. John Does ## 1-20 did not find a gun or any contraband materials on Mr. Wiliams or in his bag. Regardless, Mr. Williams was forcibly restrained and held to the ground by one of the John Does' knees on his back and face. Defendants John Does #1-20 placed Mr. Williams under arrest.

22. Mr. Williams was arrested on suspicion of robbery and weapons possession. Upon information and belief and prior to Mr. Williams' arrest, John Does ## 1-20 were looking for individuals who had recently committed a robbery.

23. Upon information and belief, at that time of the incident Mr. Williams had no criminal record and did not own a gun.

24. Upon information and belief, at that time of the incident Mr. Williams was not in possession of a gun.

25. Mr. Williams was taken to the 44th precinct where he was held for an excessive amount of time in his cell. While in his holding cell, Mr. Williams was called derogatory names by the police officers in the precinct.

26. Mr. Williams was then transferred to the 161st Precinct where he spent another night in a holding cell.

27. Mr. Williams was subsequently arraigned and charged with eight counts of attempted robbery. Mr. Williams pled not guilty to all of these charges.

28. Mr. Williams was then wrongfully prosecuted for nearly two years until his case and all pending criminal charges were dismissed on December 6, 2013.

29. Defendants John Does ## 1-20 have implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of warrantless arrests without probable cause in violation of the Fourth and Fourteenth Amendment to the United States Constitution and the Constitution and laws of the State of New York. This unconstitutional conduct is a direct and proximate result of policies practices and/or customs of the City, the NYPD and their confederates whose identities are presently unknown to Plaintiff. Those policies, practices and/or customs include: (a) the failure to adequately and properly screen, train, supervise, monitor and discipline NYPD officers and (b) the explicit and tacit encouragement, sanctioning, and ratification of and failure to rectify the NYPD's rampant unconstitutional practices. Defendants each knew or should have known that as a direct and proximate result of the policies, practices and/or customs describe herein, the constitutional rights of individuals would be violated. Despite this knowledge, and with deliberate indifference to and reckless disregard for the constitutional rights of such individuals, Defendants have implemented, enforced, encouraged, sanctioned and failed to rectify such policies, practices and/or customs.

### FIRST CLAIM FOR RELIEF: NO PROBABLE CAUSE
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### Against All Defendants

30. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

31. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from unreasonable searches and seizures and arrests without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

32. The conduct and actions of Defendants, while acting under color of state law, in arresting and detaining or causing the arrest and detention of Mr. Williams without probable cause, was done intentionally, maliciously, with deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts and was in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. §1983 and the Fourth, and Fourteenth Amendments to the United States Constitution.

33. As a direct and proximate result of those constitutional abuses, Mr. Williams has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment, humiliation, and deprivations of his liberty.

### SECOND CLAIM FOR RELIEF: EXCESSIVE FORCE
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### Against All Defendants

34. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

35. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his right to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

36. The conduct of Defendants, while acting under color of state law, in holding Mr. Williams at gunpoint, grabbing him, searching his person and his bag, restraining him, assaulting him, handcuffing him, and arresting him was done intentionally, willfully, maliciously and with deliberate indifference and/or with a reckless disregard for the for the natural and probable consequences of their acts and was in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate result of those constitutional abuses, Mr. Williams has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation and deprivations of his liberty.

### THIRD CLAIM FOR RELIEF: MALICIOUS PROSECUTION
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### Against All Defendants

38. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

39. By their conduct, as described herein, and acting under color of state law, Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The arrest of Plaintiff without probable cause, holding him in jail for an extended period of time, charging him with eight counts of robbery and prosecuting his case for two years when there was no basis for any criminal proceedings whatsoever and when Plaintiff ultimately proved meritorious in his defense and all charges against him were dropped,

41. The conduct and actions of Defendants, while acting under color of state law, in arresting of Plaintiff without probable cause, holding him in jail for an extended period of time, charging him with eight counts of robbery, prosecuting his case for two years when there was no basis for any criminal proceedings whatsoever and when Plaintiff ultimately proved meritorious in his defense and all charges against him were dropped, was done intentionally, willfully, maliciously and with deliberate indifference and/or with a reckless disregard for the for the natural and probable consequences of their acts and was in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

42. As a direct and proximate result of those constitutional abuses, Mr. Williams has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation and deprivations of his liberty.

## FOURTH CLAIM FOR RELIEF: MUNCIPAL LIABILITY AS TO ALL CLAIMS
### *Monell* Claim Against Defendant City of New York For Constitutional Violations

43. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

44. At all relevant times herein, Defendant City of New York, acting through the NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of such rights.

45. Defendants' unlawful actions were done willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

46. The constitutional abuses and violations by Defendant City of New York, through the actions of NYPD officers John Does ## 1-20, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York including the failure (a) to adequately supervise and train its officers and agents, including Defendants, thereby failing to adequately discourage further constitutional violation on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, allow acts of misconduct to go unpunished and tolerated by the City of New York.

47. Upon information and belief, Defendant City implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of unconstitutional searches, seizures, and arrests, and this policy, practice and/or custom was a direct and proximate cause of the damages and injuries complained of herein.

48. Upon information and belief, Defendant City implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of unconstitutionally using excessive force

during the course of an arrest and this policy, practice and/or custom was a direct and proximate cause of the damages and injuries complained of herein.

49. Upon information and belief, Defendant City implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of unconstitutionally maliciously prosecuting individuals and this policy, practice and/or custom was a direct and proximate cause of the damages and injuries complained of herein.

50. The wrongful, unconstitutional policies, practices, and/or customs complained of herein demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within the City and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

51. As a direct and proximate result of the City's wrongful policies, practices, and/or customs complained of herein, Mr. Williams has suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation and deprivations of his liberty.

### FIFTH CLAIM FOR RELIEF: SUPERVISORY LIABILITY
**Against Defendant Police Commissioner Kelly For Constitutional Violations**

52. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

53. Defendant New York City Police Commissioner Kelly, acting under color of state law and in the course and scope of his duties and functions as Commissioner of the NYPD, devised, implemented, enforced, encouraged, and sanctioned practices and/or customs that were a direct and proximate cause of constitutional violations Plaintiff suffered as described herein.

54. In addition, Defendant New York City Police Commissioner Kelly, acting under color of state law and in the course and scope of his duties and functions as Commissioner of the

11

NYPD, failed to properly train, supervise or discipline officers employed by the NYPD under his supervision, encouraging rather than deterring acts of police misconduct and violations of individuals' constitutional rights.

55. As a direct and proximate result of the misconduct and abuse of authority as described herein, Plaintiff suffered deprivation of liberty, physical and emotional injury, mental anguish, suffering, humiliation and embarrassment.

## SIXTH CLAIM FOR RELIEF
### Article I, Section 11 of the New York State Constitution

56. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

57. The acts of Defendants, acting under color of law, in arresting Plaintiff and in physically assault Plaintiff were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm and pain and suffering to Plaintiff in violation of his Constitutional right to equal protection as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

58. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated his rights as guaranteed by the Constitution of the State of New York.

## SEVENTH CLAIM FOR RELIEF
### Article I, Section 12 of New York State Constitution

59. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

60. The acts of Defendants, acting under color of law, in subjecting Plaintiffs to unlawful search and seizure, arrest and excessive force by physically assaulting Plaintiff were

done without reasonable suspicion or probable cause and were designed to, and did cause specific and serious bodily harm, pain and suffering to Plaintiff in violation of his Constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

61. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated his rights as guaranteed by the Constitution of the State of New York.

## EIGHTH CLAIM FOR RELIEF
### State Common Law Malicious Prosecution

62. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

63. By their conduct, as described herein, Defendants are liable to Plaintiffs for having committed malicious prosecution under the laws of the State of New York.

64. Defendants maliciously commenced criminal proceedings against Plaintiff, charging him with eight felony counts of robbery. Defendants falsely and without probable cause charged Plaintiff with violations of the laws of the State of New York.

65. The commencement and continuation of the criminal proceedings against Plaintiff was malicious and without probable cause.

66. All charges were terminated and dismissed in Plaintiff's favor.

67. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiff. Defendant City, as an employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

68. As a direct and proximate result of the misconduct and abuse of authority as stated above, Plaintiff sustained the damages alleged herein.

## NINTH CLAIM FOR RELIEF

### *Respondeat Superior*

69. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint as set forth herein.

70. The conduct of Defendants John Does ## 1-20 as described herein occurred while they were on duty and occurred in and during the course and scope of their duties and functions as New York City police officers while they were acting as agents and employees of Defendant City. As a result, Defendant City is liable to Plaintiff under the doctrine of *respondeat superior*.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a juryl

c. Costs and interest and attorneys' fees;

d. The convening and empanelling of a jury to consider the merits of the claims herein;

e. Such other and further relief as this Court may deem just and proper.

Dated: July 1, 2014

Respectfully submitted,

Adam E. Deutsch
adeutsch@morellialters.com
S.D.N.Y Bar ID: AD8836
MORELLI ALTERS RATNER LLP
Attorneys for Plaintiff
950 Third Avenue, 11th Floor
New York, New York 10022
Telephone:   (212) 751-9800
Facsimile:   (212) 751-0046

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHON WILLIAMS,

        Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, CITY POLICE
COMMISSIONER RAYMOND KELLY, in his individual
And official capacity; JOHN DOES ##1-20,

        Defendants.

---

## SUMMONS AND COMPLAINT

---

**Morelli Alters Ratner LLP**
**Adam E. Deutsch, Esq.**
*Attorneys for Plaintiff*
**950 Third Avenue**
**New York, NY 10022**
**212-751-9800**