```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
SHON WILLIAMS,

                  Plaintiff,              O R D E R

          - against -                     14 Civ. 5123 (NRB)

THE CITY OF NEW YORK and JOHN DOES
## 1-20, in their individual
capacities,

                  Defendants.
----------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The facts of this case are discussed at length in our opinion of July 21, 2015.  <u>See</u> Mem. & Order, 2015 WL 4461716, at *1-3, 2015 U.S. Dist. LEXIS 94895, at *3-9, ECF No. 13.  For present purposes, it suffices to say that plaintiff was arrested on February 27, 2012, by officers of the New York City Police Department (NYPD) and indicted for attempted robbery, assault, and related charges.  Over a year later, all charges were dismissed.

Plaintiff filed this action on July 9, 2014, alleging false arrest, excessive force, and malicious prosecution.  The appearing defendants filed a motion to dismiss, which we granted in part.  Surviving our decision were plaintiff's section 1983 claims of false arrest and excessive force (against the individual arresting officers only) and his New York State constitutional claims (against the individual arresting officers and against the City of

1

New York).  See id., 2015 WL 4461716, at *8, 2015 U.S. Dist. LEXIS 94895, at *19-20.  We also directed the parties to commence limited discovery regarding the identities of the John Doe police officers, noting that we would likely decline supplemental jurisdiction over the state-law claims if no individual defendant could be identified.  See id., 2015 WL 4461716, at *8, 2015 U.S. Dist. LEXIS 94895, at *20.

The City then filed a motion that it styled as a "motion for reconsideration," even though there is not even a faint resemblance between the present motion and the prior motion.[1]  The previous motion had to do with the sufficiency of plaintiff's pleading, while the present motion has to do with the statute of limitations and plaintiff's ostensible failure to file a notice of claim as required by state law.  The motion for reconsideration merits denial on this basis alone.

On the merits of the City's new motion, it is not apparent that an amendment to name individual John Doe plaintiffs will be

---

[1] The City points to a footnote in defendant's reply brief on the original motion in which, without supporting argument, they purported to move against plaintiff's federal excessive-force claim on limitations grounds.  A stray footnote in a reply brief constitutes neither a new motion nor a fairly presented argument that would entitle defendants to reconsideration.
  The City also considers the fact that the statute of limitations expired after their motion was filed to be new "evidence."  A new defense that arises during the course of motion practice may be grounds for a new motion, but not for reconsideration.
  The City concedes that the present motion for "reconsideration" is in fact its first motion against plaintiff's state-law claims on exhaustion or limitations grounds, even though the City could have presented their new arguments in their first motion.

time-barred under Federal Rule of Civil Procedure 15(c)(1)(A) and section 1024 of the New York Civil Practice Law and Rules. Whatever we ultimately conclude regarding plaintiff's efforts to identify the John Doe defendants, we cannot agree with the City that his efforts amounted to an "amazing lack of diligence," Def. Reply Br. 4, ECF No. 19, as the City suggests.  Plaintiff undertook at least some investigation into the John Does' identities before the limitations period expired, see Decl. of Adam Deutsch ¶ 2, ECF No. 18, and it is not clear why plaintiff's counsel should have continued his freelance investigation of the John Does while a colorable motion to dismiss was pending and discovery was around the corner.  Section 1024 demands reasonable diligence, not the utmost diligence.  If and when plaintiff discovers the John Does' identities and moves to amend, we will consider any limitations arguments that the John Does present.

Finally, we have neither invited nor received full briefing on the City's new arguments that plaintiff failed to file timely notice of his state-law claims and that plaintiff's state-law claims are time-barred.  See N.Y. Gen. Mun. Law §§ 50-e, -i; 423 S. Salina Street, Inc. v. City of Syracuse, 68 N.Y.2d 474, 482, 503 N.E.2d 63, 66 (1986) (holding that notice requirement applies to claims arising under the New York State Constitution).  We are confident that the parties can resolve these issues without our assistance.  Either some record exists showing that plaintiff filed

3

a timely notice of claim, in which case the City should not move on that ground, or no such record exists, in which case plaintiff should voluntarily dismiss his state-law claims.

We wish to decide—at most—one additional motion directed to the pleadings. We therefore direct the City not to file any motion to dismiss on limitations grounds at this time, with the understanding that the City may present its limitations arguments if plaintiff successfully identifies at least one individual defendant. (We reiterate that we will likely decline to exercise jurisdiction over state-law claims if plaintiff cannot identify any individual defendant to answer for the federal claims.)

Meanwhile, defendants' so-called motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:   New York, New York
         September 3, 2015

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of this Memorandum and Order have been mailed on this date to the following:

**Counsel for Plaintiff:**
Adam E. Deutsch, Esq.
Morelli Alters Ratner LLP
777 Third Avenue, 31st Floor
New York, NY 10122

**Counsel for Defendant:**
Qiana Smith-Williams, Esq.
Office of the Corporation Counsel
City of New York
100 Church Street
New York, NY 10007